THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-368-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| WILLIAM DAVID DEVANE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion by Defendant William David Devane ("Defendant") to dismiss count two of the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B), or in the alternative, to elect pursuant to Fed. R. Crim. P. 14(a). [DE-21]. The motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). The government has responded to Defendant's motion, [DE-25], to which Defendant has replied. [DE-26]. Accordingly, this matter is ripe for review. For the reasons set forth below, it is recommended that Defendant's motion be denied without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2012, Defendant was named in a two-count indictment charging Defendant with theft of firearms from a federal firearm's dealer (Count 1), in violation of 18 U.S.C. §§ 922(u) and 924, and possession of stolen firearms (Count 2), in violation of 18 U.S.C. §§ 922(j) and 924. [DE-1]. The indictment charges the theft and possession counts as occurring on the same day, May 7, 2012. *Id.* On March 26, 2013, Defendant moved to dismiss count two in the indictment, or in the alternative, to require the government to elect to proceed on only one count of the indictment, contending that Counts 1 and 2 in the indictment are multiplicitous and

thereby impermissible. [DE-21] at 2. Defendant's arraignment is presently set for the May 2013 term of court in New Bern, North Carolina.

## DISCUSSION

Defendant contends that the indictment is multiplicitous, or charges a single offense in multiple counts, with respect to the charges of theft of firearms from a licensed firearms dealer (Count 1) and possession of stolen firearms (Count 2). Defendant asserts that because of the multiplicitous indictment, he is subject "impermissible multiplicitous convictions." [DE-21] at 2. Defendant primarily seeks dismissal of the possession charge in the indictment (Count 2) and alternatively requests that the court require the government to elect to proceed on only one count in the indictment. *Id.* The government contends that the two counts in the indictment are not multiplicitous. [DE-25] at 3-4. Alternatively, the government contends that a multiplicitous indictment does not prevent trial on both of the counts contained in the indictment, rather Defendant may not be sentenced on both charges. *Id.* at 2-3. Accordingly, the government contends Defendant's motion should be denied. *Id.*

An indictment is multiplicitous if it charges a single offense in separate counts. *See United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000); *United States v. Robinson*, No. 10-C-6195, 2011 U.S. Dist. LEXIS 710, at *2, 2011 WL 37844, at *1 (N.D. Ill. Jan. 5, 2011). "Inquiries concerning whether two charges are actually the 'same offense' usually involve . . . an indictment which has charged multiple *statutory offenses* premised on the same conduct." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005). "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (citing 1 Charles A. Wright et al., *Federal Practice and Procedure* § 145 (2d ed. 1982)). "The rule against

2

multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment, which serves . . . the familiar function of prohibiting . . . 'the imposition of cumulative punishments for the same offense in a single criminal trial'" which is the very protection Defendant seeks in the instant motion. *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) (quoting *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988)).

Courts are clear that a defendant may be convicted of multiple offenses arising from a single act if each charged offense constitutes a separate offense. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (articulating a test of statutory construction to determine whether Congress intended the same conduct to be punishable under two criminal provisions). Courts apply the *Blockburger* test to determine if there are in fact two separate offenses or only one. *See United States v. Kimbrough*, 69 F.3d 723, 729 n.5 (5th Cir. 1995) (stating that the *Blockburger* test "applies to determinations of whether Congress intended the same conduct to be punishable under *two* criminal provisions") (emphasis added). Under *Blockburger*, offenses based on the same conduct are considered to be separate offenses if each charged offense requires proof of some fact that the other does not. *Id.*; *see also United States v. Luskin*, 926 F.2d 372, 377 (4th Cir. 1991) (recognizing that offenses are not identical as long as each offense requires proof of an additional fact which the other offense does not). If two offenses are identical, the Double Jeopardy Clause will prevent cumulative punishment. *See Brown v. Ohio*, 432 U.S. 161, 167 (1977). The situation often arises where a Defendant is charged with multiple offenses based on the same conduct, but the two charges are considered to be only one offense because one is a lesser included of the greater offense. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996) (holding that when "two different statutes define the 'same offense' one is a lesser included offense of the other"). An offense is considered a lesser included offense of a

3

greater offense when no proof beyond that required for conviction of the greater offense is required for the lesser offense, or more simply, by proving the greater offense the lesser offense has necessarily been proven too. *See Brown*, 432 U.S. at 167 (holding that joyriding was a lesser included offense of automobile theft because *it required no proof beyond* that required for conviction of the greater offense of automobile theft). The charging of both the major offense and a lesser included offense is recognized to constitute a multiplicitous indictment for purposes of double jeopardy. *See id.*

Despite double jeopardy limitations, the Fourth Circuit has made clear that "prosecutors are permitted to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses." *Luskin*, 926 F.2d at 378 (recognizing the prosecutor is not forced "to gamble on obtaining the major conviction" and may indict a defendant on both counts); *United States v. Locust*, 95 F. App'x 507, 517 (4th Cir. 2004). The Double Jeopardy Clause does not prevent a defendant from being "prosecuted simultaneously" for violating two statutes even though he ultimately could not be convicted and punished for both offenses. *Ball v. United States*, 470 U.S. 856, 859-60 (1985); *United States v. Gaddis*, 424 U.S. 544, 550 (1976) (concluding "there can be no impropriety . . . for a prosecutor to file an information containing counts charging violations of" several different provisions of the federal bank robbery statute, even though the defendant could not in the end stand convicted of both offenses).

Given the foregoing, if a multiplicitous indictment arises, the question for the court becomes one of remedy. The district court may address the issue when raised in a pre-trial motion by a defendant, however, it is within the court's discretion whether to impose a pre-trial remedy given that the risk of a multiplicitous indictment is multiple convictions, *not*

4

simultaneous prosecution. *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court."); *Ball*, 470 U.S. at 865 (remedying multiple convictions post-trial whereby the district judge only enters judgment on one count when it is not permissible for defendant to be convicted on both counts); *Burns*, 990 F.2d at 1438 (recognizing that the risk of a multiplicitous indictment is multiple sentences, but that the court may properly address that risk, if multiple convictions in fact occur, in a post-trial remedy which vacates a conviction). A post-trial remedy by the court, such as vacating or merging the convictions, adequately addresses any multiplicitous issue and preserves the freedom of prosecutors to seek multiplicitous indictments when instituting prosecutions. *See Ball*, 470 U.S. at 865; *Gaddis*, 424 U.S. at 550. Additionally, as a case matures, any multiplicity issue may become moot for reasons apart from a court-imposed remedy such as a jury verdict convicting defendant of only one count, not both counts. *See Johnson*, 130 F.3d at 1425.

Here, Defendant contends that his two-count indictment, charging violations of section 922(u) for theft of firearms and section 922(j) for possession of stolen firearms, is multiplicitous. The government contends the two charges are not multiplicitous based on its comparison of the elements for each offense under the *Blockburger* test. [DE-25] at 3-4. However, for the reasons that follow, this court finds that the circumstances warrant a ruling on the issue after trial.[1] First, there are numerous scenarios that could develop as this case proceeds leaving any potential multiplicity issue moot. For instance, the prosecution may decide not to present evidence in

---

[1] The court notes that a plea of guilty to both charges in the indictment would not waive any multiplicity argument by Defendant. *See United States v. Poole*, 96 F. App'x 897, 888 (4th Cir. 2004) (citing *Menna v. New York*, 423 U.S. 61, 63 (1975) (recognizing a guilty plea does not waive the right to raise a constitutional challenge such as double jeopardy)).

5

support of one of the charges in the indictment or a jury may find Defendant guilty of only one charge. Additionally, the post-trial remedies available to alleviate potential multiplicity concerns and the latitude afforded the government to prosecute multiple charges persuade this court that the possession charge of the indictment should not be dismissed at present, nor should the government be forced to elect to proceed on only one charge. *See United States v. Deloach*, No. 99-4441, 2000 U.S. App. LEXIS 3824, at *4, 2000 WL 274972, at *2 (4th Cir. Mar. 14, 2000) (recognizing the court has discretion whether to impose a pre-trial remedy) (citing *Johnson*, 130 F.3d at 1426). The district court's freedom to fashion a post-trial remedy at a later date, such as merging or vacating multiplicitous convictions, nullifies any risk that Defendant will receive multiple sentences for the same offense. Further, the government should not be prejudiced in the prosecution of its case and Defendant has provided no evidence of potential prejudice from allowing the government to proceed under both counts. Accordingly, the court recommends Defendant's motion be denied without prejudice.

## CONCLUSION

For the reasons set forth above, the court RECOMMENDS that the Defendant's motion to dismiss, or in the alternative, motion to elect, be DENIED WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation. Additionally, except upon grounds of plain error, failure to timely file written objections shall bar a party from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 3rd day of May, 2013.

                                                                           _____
                                                                           Robert B. Jones, Jr.
                                                                           United States Magistrate Judge