IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-368-FL1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WILLIAM DAVID DEVANE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for early termination of supervised release, made pursuant to 18 U.S.C. § 3583(e)(1). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons stated more particularly below, defendant's motion is granted.

## BACKGROUND

On June 17, 2013, without benefit of written plea agreement, defendant pleaded guilty to theft of firearms from a federally insured firearms dealer, in violation of 18 U.S.C. § 922(u) and § 924, and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) and § 924. The advisory Guidelines recommended defendant receive 27 to 33 months imprisonment for both charges. In addition, the advisory Guidelines recommended defendant be subject to between 1 and 3 years of supervised release at the conclusion of his active incarceration. Defendant was allowed to remain on release pending sentencing.

At sentencing, held January 8, 2014, the court departed downwardly from the advice of the Guidelines and sentenced defendant to 6 months imprisonment. In addition, the court imposed a 2

year term of supervised release, to begin at the expiration of defendant's sentence.

Defendant was released from custody on June 13, 2014. Almost one year later, on June 11, 2015, defendant petitioned the court for modification of the terms of his supervised release, to be effective June 13, 2015, the anniversary of his release. The court denied said motion by text order entered June 24, 2015, but explicitly noted that defendant later could file a similar motion.

Defendant filed the instant motion on November 9, 2015, again requesting early termination of his supervised released. Specifically defendant, who is on supervised release in Maryland, requests that his supervision terminate on December 13, 2015, six months early, so that he may spend the Christmas holiday with his grandparents in Tennessee. Considered along with his earlier filing, defendant also wishes to move out of the State of Maryland because his parents, with whom he previously was residing moved out of state in July 2015. Defendant contends that termination of his supervision would be preferable to a transfer, because his on-supervision status will create difficulty in finding suitable housing. As evidence of that hardship, defendant informs the court that he had difficulty finding alternative housing in Maryland after his parents relocated, because of his status. The government opposes defendant's motion, specifically noting that the victim opposes it. In addition, the government contends that defendant will need the assistance of the United States Probation Office upon relocation and suggests that, should the court grant any relief, a transfer of his supervised release would be more appropriate.

## COURT'S DISCUSSION

Section 3583(e)(1) of Title 18 permits the court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rule of Criminal Procedure relating to the

2

modification of probation," so long as the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To grant the motion "[the] court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

Federal Rule of Criminal Procedure 32.1(c), alluded to in § 3583(e)(1), provides that the district court must hold a hearing unless 1) the defendant waives the hearing, or 2) the relief sought is favorable to the defendant and the Government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. See United States v. Connor, 495 F. App'x 367, 369 (4th Cir. 2012); United Staes v. Insaulgarat, 280 F. App'x 367, 368 (5th Cir. 2008). Although defendant has not explicitly waived his right to a hearing, given the favorable nature of his requested relief, as well as the narrow time-frame strongly implied from his underlying motivation, the court finds that defendant has impliedly waived the hearing requirement. See United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (actions may imply knowing and voluntary waiver of rights). Thus, defendant has satisfied the first exception to Rule 32.1(c).

Under the circumstances of this case, the court concludes that early termination of defendant's supervised release is warranted. Defendant's conduct since his release from incarceration has been commendable. For example, defendant has consistently participated in mental health evaluations, has fully paid his restitution ahead of schedule, and has achieved financial stability. Moreover, on the circumstances now presented, the interest of justice favor granting defendant's motion. Defendant has made great strides to return his life to a state of normalcy; however, the stain of supervised release has contributed, at least in part, to difficulty in obtaining

3

basic needs, such as housing. Although all reformed criminal defendants face similar hurdles, the difficulty those hurdles pose in this particular defendant's life has been compounded by his parents' relocation.

In finding that the interest of justice favor termination of supervised release, the court is mindful of the government's, and the victim's objection. The government suggests that the court, instead of terminating defendant's supervised release in order to allow him to move, should transfer defendant's supervised release to a different probation office. The government propounds the various benefits of continued supervised release, including access to mental health care. Although the government's position is fundamentally sound in the abstract, it is not appropriate given the circumstances presented here. Defendant has approximately six months left on his term of supervised release. If the court were to grant defendant a transfer, rather than his requested release, much of that time would be invested in establishing a relationship with the probation officer and locating an appropriate mental health care provider. The result being considerable lost time with only a slight benefit to defendant, all at considerable expense to the tax payer. By contrast, allowing defendant to reintegrate with his family will provide him with the support system he requires. Under the circumstances of this case, allowing early will better serve the purposes the government seeks to achieve.

In addition, the court gives only slight weight to the victim's opposition. The court already has considered the nature of the crime at issue in fashioning an appropriate term of active incarceration. In doing so, the court departed downwardly from the advice of the Guidelines over a similar objection.

Defendant is admonished to establish himself with a mental health care professional quickly

after the termination of his supervised release. Although the court's admonition is nothing more than a suggestion, the court firmly believes that defendant's continued participation in such counseling, while among the support of his family, is essential to his continued success in life, including the positive results warranting termination of supervised release.

## CONCLUSION

Upon consideration of the facts of this case and the interest of justice, defendant's motion for early termination of supervised release is GRANTED. Defendant's supervised release shall terminate at **12:00 p.m., Wednesday, December 23, 2015**.

SO ORDERED, this the 23rd day of December, 2015.

*[signature]*
_____
LOUISE W. FLANAGAN
United States District Judge